UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAURICE DOSSO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BARR, et al. )<br>)<br>)<br>Defendants. )<br>) | Case No. 19-cv-01009 (APM) |

## MEMORANDUM OPINION

Pro se Plaintiff Maurice Dosso alleges that the Federal Bureau of Investigation ("FBI") convinced him to apply and test for a linguist position with the agency but did not hire him after discontinuing his background investigation without explanation. Pl.'s Verified First Am. Compl., ECF No. 21-1 [hereinafter Am. Compl.], ¶¶ 11, 22. Plaintiff claims that the "background check [was] abusive and unbearable as Defendants created an environment which encouraged and fostered hostile and abusive investigative methods and recruitment practices for Plaintiff due to his race, color, ethnicity, ancestry and national origin." *Id.* ¶ 18. The FBI, for instance, allegedly posed as customers or buyers for the purpose of "severely disturbing and disrupting" an auto dealership business Plaintiff was attempting to get off the ground. *Id.* ¶ 24. The alleged harassment continued even after the FBI notified Plaintiff that he would not be hired for the linguist position. *See id.* ¶ 27. He began to receive "threats and death threats from Defendants," *id.* ¶ 2, and then was almost killed in a "bizarre car accident," *id.; see also id.* ¶ 36. Plaintiff also claims to have been subject to regular harassing text messages and phone calls and hacking of his email and social media accounts—events he attributes to the FBI. *See id.* ¶ 44; *see also* Pl.'s Request for Judicial

Notice, ECF No. 26 (setting forth purportedly anonymous text messages).  Plaintiff furthermore suspects that the FBI caused an agent to pose as a "traveling nurse" to infiltrate a team performing a surgical procedure on him.  Am. Compl. ¶ 44.  This racially motivated pattern of threats and harassment, Plaintiff alleges, entitles him to relief under 42 U.S.C. § 1981 and Title VII.  *See id.* at 39–42.

The foregoing allegations are set forth in a proposed Verified First Amended Complaint, which Plaintiff seeks leave to file after Defendants moved to dismiss his original complaint.  *See* Mot. for Leave of Court to File Pl.'s Verified First Am. Compl., ECF No. 21; Defs.' Mot. to Dismiss or, in the Alternative, for Partial Summ. J., ECF No. 15.  Defendants oppose leave to amend on the ground that granting such leave would be futile.  *See* Defs.' Opp'n to Pl.'s Mot. to Amend Compl., ECF No. 23, at 1.  The court agrees.  *See Moldea v. N.Y. Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994) (affirming ruling that an "amended Complaint could not withstand a motion to dismiss, and so would be futile").

For one, the court lacks subject matter jurisdiction.  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous, . . . ."  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations and internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when 'it "is patently insubstantial," presenting no federal question suitable for decision.'" (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))).  A claim is patently insubstantial if it is "essentially fictitious," that is, it advances "bizarre conspiracy theories" or "fantastic government manipulations of [one's] will or mind."  *Best*, 39 F.3d at 330. Plaintiff's claims are "patently insubstantial."  His basic contention of daily persecution and terror by the

FBI, *see* Am. Compl. ¶ 38, is the type of bizarre conspiracy theory or tale of fantastic government manipulation over which this court lacks jurisdiction.

Additionally, Plaintiff fails to state a claim. His section 1981 claim cannot advance because Title VII provides "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. GSA*, 425 U.S. 820, 829 (1976); *see also Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) ("The Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation."). And his Title VII claim cannot proceed because he failed to timely exhaust administrative remedies. Plaintiff learned of the discontinued investigation on March 22, 2018, at the latest, *see* Am. Compl. ¶ 22, but he did not initiate counseling until July 26, 2018, *see id.* ¶ 39. Plaintiff thus waited longer than the requisite 45 days to initiate contact with an equal employment opportunity ("EEO") counselor upon learning of the "matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Warren v. Leavitt*, 264 F. App'x 9 (D.C. Cir. 2008) ("In order to raise a claim under Title VII, a plaintiff must exhaust her administrative remedies by contacting an [EEO] counselor within 45 days of the alleged Title VII violation.").[1]

For the foregoing reasons, Plaintiff's Motion for Leave of Court to File Plaintiff's Verified First Amended Complaint, ECF No. 21, is denied and the court, on its own motion, dismisses this action. Additionally, Defendants' Motion to Dismiss or, in the Alternative, for Partial Summary Judgment, ECF No. 15, is denied as moot. So, too, is Plaintiff's Cross-Motion for Summary

---

[1] Insofar as Plaintiff contends that the FBI continued to harass him after March 22, 2018, such alleged acts are not actionable under Title VII because by that date (if not earlier) plaintiff was no longer an "applicant[] for employment" under 42 U.S.C. § 2000e-16. *Cf. Pueschel v. Chao*, 357 F. Supp. 3d 18, 26 (D.D.C. 2018), *aff'd*, 955 F.3d 163 (D.C. Cir. 2020).

Judgment, ECF No. 22; Plaintiff's Request for Entry of Default Against Defendants, ECF No. 25; and Plaintiff's Request for Judicial Notice, ECF No. 26.

      A final, appealable order accompanies this Memorandum Opinion.

Dated: May 22, 2020.

                                                     Amit P. Mehta
                                     United States District Court Judge